UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ALEXIS CANO BERNAL
(A-Number: 245-607-992),

Petitioner,

v.

Warden of the California City Detention Facility, Christopher Chestnut; ICE, Current Acting Director; U.S. General Attorney; Department of Homeland Security, Current Acting Director,[1]

Respondents.

No. 2:26-cv-01188-KES-FJS (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Docs. 1, 4

Petitioner Alexis Cano Bernal is an immigration detainee proceeding pro se with a petition for writ of habeas corpus. Doc. 1. Petitioner also filed a motion requesting expedited relief, in forma pauperis status, and to amend the petition. Docs. 1, 4. The Court has previously addressed the legal issues raised by the petition—that, when a noncitizen has previously been released by immigration authorities pursuant to 8 U.S.C. § 1226(a) and is subsequently re-detained, the Due Process Clause requires a bond hearing where the government bears the burden of proving that the noncitizen is a flight risk or danger to the community by clear and convincing evidence. *See, e.g.*, *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL

[1] Petitioner's unopposed request to amend the named respondents, *see* Doc. 4, is granted.

3648366 (E.D. Cal. Dec. 16, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025). The Court ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition. Doc. 5.

Respondents argue that petitioner is "subject to the mandatory detention by ICE under 8 U.S.C. § 1225(b)(2)" and that petitioner does not have due process rights "in any form other than the form provided by Congress." Doc. 6 at 2. But the Ninth Circuit rejected respondents' statutory interpretation of § 1225(b)(2) in *Rodriguez Vazquez v. Bostock*, --- F.4th ---, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026). And this Court has rejected respondents' due process argument in its prior cases.[2]

Respondents acknowledge that "there are no significant factual or legal issues in this case that materially distinguish it from the cases identified in the [order to show cause]," but they indicate that petitioner was arrested on January 5, 2026 and was charged with driving under the influence and not having a valid driver's license. Doc. 6 at 1. While petitioner's pending criminal charge may be relevant to a neutral decisionmaker's determination as to whether petitioner is entitled to bond, they do not eliminate petitioner's due process right to such determination. Respondents do not identify any other distinctions between this case and the Court's prior decisions and do not raise any new arguments. Respondents do not request a hearing and do not intend to file any additional affirmative briefing. *Id.* at 2.

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), the petition for writ of habeas corpus is

[2] Respondents' request to hold the matter in abeyance pending is moot, as the Ninth Circuit has now issued its ruling in *Rodriguez Vazquez*, 2026 WL 2196424.

GRANTED, for the reasons addressed in those prior orders.

The motion to proceed in forma pauperis is granted and request to expediate relief is denied as moot. *See* Doc. 4.

Respondents are ORDERED to provide petitioner Alexis Cano Bernal (A-Number: A-245-607-992) with a bond hearing before a neutral decisionmaker within ten (10) days of the date of this Order. Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 72 hours' written notice before the bond hearing in a language that he can understand. At that bond hearing, it is respondents' burden to demonstrate that petitioner is a flight risk or danger to the community by clear and convincing evidence. Petitioner may be represented by an attorney at this hearing, and respondents may extend the deadline at petitioner's request so that he can obtain an attorney. If petitioner obtains an attorney, his attorney shall also be given 72 hours' written notice before the bond hearing. The neutral decisionmaker must consider petitioner's financial circumstances in setting the amount of bond and alternative conditions of release in lieu of detention without bond. If respondents do not provide petitioner with a bond hearing within ten days, then respondents must release him.[3]

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated: August 6, 2026

UNITED STATES DISTRICT JUDGE

[3] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.